IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRIDGET M. BISHOP, )
)
    Plaintiff, )
) No: 3:08-1032
       v. ) Judge Echols/Bryant
) **Jury Demand**
WOODBURY CLINICAL LABORATORY, )
INC., et al., )
)
    Defendants. )

## MEMORANDUM AND ORDER

Defendant Woodbury Clinical Laboratory, Inc. ("Woodbury") has filed its motion for judgment on the pleadings (Docket Entry No. 45) seeking dismissal of Count III (assault and battery) and Count IV (intentional infliction of emotional distress) on the grounds that these claims against Woodbury are barred by the exclusive remedy provision of the Tennessee Worker's Compensation statute, Tenn. Code Ann. § 50-6-108.

Plaintiff Bishop has filed her response (Docket Entry No. 56) in which she argues that the foregoing defense has been waived by Woodbury's failure to plead it in its answer.

Woodbury has filed a reply (Docket Entry No. 63).

For the reasons stated below, the Court **GRANTS** Woodbury's motion and **DISMISSES** the claims in Counts III and IV of the complaint against defendant Woodbury.

## Statement of the Case

Plaintiff Bishop alleges in her complaint that during her employment as a courier for defendant Woodbury she was subjected to sexual harassment and a hostile work environment by the actions of her supervisor, defendant Butler. Her complaint states causes of action pursuant to Title VII (Count I) and its Tennessee counterpart, the Tennessee Human Rights Act ("THRA") (Count II). Relying upon the same body of operative facts, plaintiff Bishop's complaint asserts causes of action for two common-law torts: assault and battery (Count III) and intentional infliction of emotional distress (Count IV).

## Standard of Review

The standard of review for a motion to dismiss on the pleadings under Fed.R.Civ.P. 12(c) is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Fritz v. Charter Tp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." Id. (quoting JP Morgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir. 2007)).

## Analysis

Plaintiff Bishop argues that defendant Woodbury has

2

waived the exclusive remedy provision of the Worker's compensation statute by failing to plead it explicitly in its answer, and cites Haskell v. Washington Tp., 864 F.2d 1266 (6th Cir. 1988). In Haskell, the court held that, pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the defendant had waived the affirmative defense of the statute of limitations when it was first raised after over three years of litigation. The court held that, under the circumstances of that case, the interests of justice required a finding of waiver in light of the expensive and extensive litigation that had occurred. Haskell, 864 F.2d at 1273.

The situation here is materially different. First, the affirmative defense of the statute of limitations is expressly listed in Rule 8(c) as a waivable defense, but the exclusive remedy provision of state worker's compensation law is not. Second, in Haskell, the district court found that the statute of limitations constituted grounds for dismissal of the complaint. Here in contrast, plaintiff has stated a claim for sexual harassment under Title VII and the THRA; Woodbury's motion challenges whether she may also assert claims, based upon the same facts, under alternative state common-law tort claims. Given the sexual harassment claims already in this case, the court finds that the discovery and litigation that has occurred in this case would have been pursued whether or not the state tort claims were asserted. Finally, defendant Woodbury in its answer did plead the affirmative

3

defense of failure to state a claim.  (Docket Entry No. 12, p. 12).
For all of these reasons, the court finds that defendant Woodbury
has not waived the defense of the exclusive remedy provision of the
Tennessee Worker's compensation statute.

Tennessee Code Annotated Section 50-6-108(a), a provision
of the state worker's compensation law, states in pertinent part as
follows:

> (a) The rights and remedies granted to an employee
> subject to this chapter, on account of personal
> injury or death by accident, . . . shall exclude
> all other rights and remedies of the employee . . .
> on account of the injury or death.

Tennessee law does recognize an exception to this exclusive remedy
provision in instances where the employer acts with "actual intent
to injure" the employee.  <u>Gonzales v. Alman Constr. Co.</u>, 857 S.W.2d
42, 48 (Tenn. Ct. App. 1993).  In such cases, the injured employee
may bring a common law tort cause of action for damages.  <u>Blair v.
Allied Maintenance Corp.</u>, 756 S.W.2d 267, 270 (Tenn. Ct. App.
1988).  However, in the present case plaintiff Bishop does not
claim that defendant Woodbury acted with "actual intent to injure"
her, nor is there evidence in this record that would support such
a claim.  Therefore, this exception to the exclusive remedy
provision does not apply.  Instead, Bishop alleges that defendant
Butler, her supervisor, committed the intentional torts of assault
and battery and intentional infliction of emotional distress.

4

The Tennessee Supreme Court has held that the exclusive remedy provision of the Worker's Compensation Act bars a common law tort action against the employer where an employee supervisor intentionally commits an assault and battery upon a fellow employee. Williams v. Smith, 435 S.W.2d 808 (Tenn. 1968). In such a case, the Worker's Compensation Act does not afford immunity to the employee who has committed an assault and battery upon a coemployee. Id. Courts applying Tennessee law have relied upon this authority to dismiss common law tort claims against an employer in cases asserting sexual harassment under Title VII and the THRA. See Johnson v. Dollar General Corp., 2008 WL 2781660 ** 7-8 (E.D. Tenn. July 14, 2008).

In view of the foregoing authority, the Court finds that, accepting all facts alleged by plaintiff as true, her common law tort claims against defendant Woodbury are barred as a matter of law by the exclusive remedy provision of the Tennessee Worker's compensation statute. For this reason, the Court **GRANTS** Woodbury's motion for judgment on the pleadings and **DISMISSES** Counts III and IV of the complaint against defendant Woodbury.

It is so **ORDERED**.

s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge